FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 OCT 22 PM 12: 02
CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR418-084-3 |
| | ) | |
| v. | ) | |
| | ) | |
| YOISEL PEGO MIRABAL | ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on March 7, 2018, a federal grand jury sitting in the Southern District of Georgia returned a five-count Indictment against Defendant Yoisel Pego Mirabal (hereinafter the "Defendant") and two others, charging a violations of 18 U.S.C. § 1029(b)(2) (Count One – Conspiracy to Fraudulently Use Access Device), 18 U.S.C. § 1029(a)(3) (Count Two - Possession of Fifteen or More Unauthorized Access Devices), 18 U.S.C. § 1029(a)(4) (Count 3 - Unlawful Possession of Device-Making Equipment), 18 U.S.C. § 1029(a)(5) (Count Four - Fraudulent Use of Access Devices), and 18 U.S.C. § 1028A (Count Five - Aggravated Identity Theft);

WHEREAS, pursuant to a conviction of one or more of the offenses in Count One through Four of the Indictment, the United States sought forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B) and 1029(c)(1)(C), which allows for the forfeiture to the United States, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s), and any personal property used or intended to be used to commit the offense(s);

WHEREAS, the Indictment further provided for the forfeiture of substitute assets, pursuant to 21 U.S.C § 853(p), as incorporated by 28 U.S.C. § 2461(c), of any other property of the Defendant up to the value of the property subject to forfeiture;

WHEREAS, on October 22, 2018, pursuant to a written plea agreement, the Defendant agreed to pled guilty to Count Four of the Indictment, which charges a violation of 18 U.S.C. § 1029(a)(5), Fraudulent Use of Access Devices;

WHEREAS, pursuant to the plea agreement the Defendant agreed to forfeit his interest in any personal property used or intended to be used to commit the offense to which he has agreed to plead guilty, specifically:

- one MSR X6(BT) magnetic stripe reader/writer bearing serial number X6-BT161228465
- one HP Model 15-AY039WM laptop computer bearing serial number CND7066YW5
- miscellaneous electronic skimming devices; and
- three iPhone cellular phones

(Collectively, the "Subject Property"); and

WHEREAS, the Defendant agreed to waive the provisions of the Federal Rules of Criminal Procedure 32.2, and 43(a) with respect to notice in the Indictment that the Government will seek forfeiture as part of any sentence in this case, and agreed that entry of this order shall be made a part of the sentence in or out of the presence of the Defendant and be included in the judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 1029(c)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. To the extent that the Subject Property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. See Fed. R. Crim. P. 32.2(b)(6).

4. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the receipt of notice, or within sixty (60) days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the

validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third-party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward two certified copies of this order to Assistant U.S. Attorney Xavier A. Cunningham, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: Oct. 22, 2018

HON. WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA